PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WALLACE MCDONALD ASCENCIO, | ) | |
| | ) | CASE NO. 4:11cv503 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DANNY HALL, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Wallace McDonald Ascencio filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Physician's Assistant ("PA") Danny Hall, and Corrections Corporation of America ("CCA"). In the Complaint, Plaintiff asserts that the Defendants were deliberately indifferent to his serious medical needs. He seeks monetary and injunctive relief.

### I. Background

Plaintiff was diagnosed with Hepatitis C prior to his incarceration in NEOCC. *See Ascencio v. Hall*, No. 4:10 CV 849 (N.D. Ohio dismissed July 20, 2010)(Adams, J.). He received the Hepatitis B vaccine series in June 2009. He was also prescribed Inderal and Prilosec by NEOCC Physicians for unrelated conditions.

Plaintiff reported to sick call for a boil on his right cheek in July 2009, and was treated by PA Hall. ECF Nos. 1-1 at 3 and 1-2. He was instructed to wash the area with a medicated soap, and change the dressing on the wound daily until the wound was healed. He was also prescribed Doxycycline and Bactrim to address the infection.[2] He was seen for a follow-up appointment on

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

[2] Doxycycline and Bactrim are both antibiotics. Doxycycline is in the class of drugs known as tricyclines. Bactrim is a sulpha drug. *See* http://www.ncbi.nlm.nih.gov/pubmedhealth/.

(4:11cv503)

July 15, 2009, at which time PA Hall noted that Plaintiff's lesion had improved significantly. ECF No. 1-2 at 3. He stated that Plaintiff had used the antibiotics without side effects. ECF No. 1-2 at 3. Plaintiff was told to continue with the medication and the topical treatments. His medical records indicate that he finished his prescribed course of antibiotics on July 23, 2009.

Plaintiff received the results of his blood tests on August 17, 2009, which indicated that elevated liver enzyme levels were detected. ECF No. 1-2 at 3. The physician reviewing the test result noted that Plaintiff had a normal ultrasound of the liver on June 26, 2009. ECF No. 1-1 at 2. He ordered another hepatic profile to be taken the week of August 31, 2009. ECF No. 1-2 at 4.

Plaintiff reported to sick call on September 2, 2009, complaining of a boil on his neck, under his chin. Plaintiff was diagnosed with more than likely having a MRSA infection.[3] He was again prescribed Doxycycline and Bactrim for fourteen days and was instructed to wash the infected area with medicated soap. ECF No. 1-3 at 5. This time, Plaintiff did not tolerate the medication. His medical records indicate that his Bactrim prescription was discontinued on September 6, 2009, and that he was given Benadryl and hydrocortisone cream instead. ECF No. 1-3 at 4.

Plaintiff's Complaint does not clearly explain what happened to cause the discontinuation of the medication. But he states that he experienced side effects from the medication, and suffered an allergic reaction. ECF No. 1 at 4. He specifically alleges that the medication caused him to develop cirrhosis in his liver. He contends that his difficulty with the medication was

---

[3] Methicillin-Resistant Staphylococcus Aureus (MRSA)

2

(4:11cv503)

caused by an interaction between the sulpha drug and the Indera medication that he was taking for another ailment. ECF No. 1 at 3. A notation appears in Plaintiff's records on November 1, 2009 indicating that he is allergic to sulpha drugs. ECF No. 1-3 at 8.

Based on the aforementioned allegations, Plaintiff argues that PA Hall and CCA violated his Eighth Amendment rights. He asserts that PA Hall committed medical malpractice. He states that PA Hall prescribed the sulpha medication when he should have known that such medication was not appropriate for an individual with liver disease. He also contends that PA Hall should have known Bactrim could interact with Inderal.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." Bell Atl. Corp. v. Twombly,

---

[4] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

(4:11cv503)

550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. LAW AND ANALYSIS

#### A. Parties

Plaintiff names CCA as a Defendant because the corporation employs PA Hall. ECF No. 1 at 6. As an initial matter, CCA is not a proper party to a *Bivens* action. *Bivens* provides a cause of action only against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). A *Bivens* action cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government. *Id.* CCA, which owns and operates NEOCC, is a private corporation. Because inmates housed in federal correctional institutions cannot being an action against the prison or the government entity that operates the prison, the Supreme Court declined to extend that cause of action to a private prison or the corporate entity that owns and operates it. *Id.* at 74.

Moreover, even if a *Bivens* claim could be brought against CCA, liability could not be

(4:11cv503)

based on a theory of *respondeat superior*. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). *Bivens* is a limited remedy against individuals. Malesko, 534 U.S. at 70. The theory of respondeat superior is simply inconsistent with the purpose of *Bivens*. Jones v. City of Memphis, 586 F.2d 622, 625 (6th Cir.1978).

### B. Eighth Amendment

Plaintiff claims PA Hall violated his Eighth Amendment rights by failing to foresee the consequences of prescribing Bactrim for his infection. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. Whitley v. Albers, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

(4:11cv503)

While Plaintiff's reaction to Bactrim may arguably present a serious medical condition, there is no indication that PA Hall acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Plaintiff claims PA Hall committed medical malpractice because he did not foresee the problems that Plaintiff could experience with his medications. Even liberally construed, Plaintiff has not alleged that PA Hall acted with a degree of culpability greater than mere negligence.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

 September 15, 2011                 /s/Benita Y. Pearson
Date                                Benita Y. Pearson
                                    United States District Judge

---

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

6